UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALHAJI SIRLEAF d/b/a
GLOBAL TRANSPORTATION,

      Plaintiff,                                      No. 21-11127

v.                                                        Honorable Nancy G. Edmunds

PRIORITY EXPRESS and
FADIL SERO,

      Defendants.
_____/

**ORDER TRANSFERRING THE CASE TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff filed the underlying pro se complaint in this case in state court, but Defendants removed the matter to federal court.[1] Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in state court over which federal courts have jurisdiction "to the district court of the United States for the district and division embracing the place where such action is pending." Here, Plaintiff initiated this action in the 57th District Court located in Allegan County, Michigan. Thus, this case should have been removed to the United States District Court for the Western District of Michigan. In fact, based on the body of the notice of removal, it appears Defendants intended to remove the matter to the

---

[1] Plaintiff brings state law claims, but Defendants assert this Court has jurisdiction based on the Carmack Amendment. This order does not constitute a determination with respect to jurisdiction nor does the Court opine on the merits of any preemption argument.

1

Western District of Michigan, but the case was inadvertently removed to this Court instead.

Removal to an improper district court is a procedural, rather than jurisdictional, defect in the removal.  Generally speaking, procedural defects must be raised by a party within thirty days of removal or they are waived.  *Loftis v. UPS*, 342 F.3d 509, 516-17 (6th Cir. 2003).  Thus, a court may not sua sponte remand a matter to state court for a procedural defect.  *Page v. City of Southfield*, 45 F.3d 128, 134 (6th Cir. 1995).  However, courts have found removal to an improper district court a mistake of improper venue that can be corrected with transfer to a proper venue, rather than remand to state court.  *See Keeth v. State Farm Fire & Cas. Co.*, No. 10-13219, 2011 U.S. Dist. LEXIS 11398, at *7-8 (E.D. Mich. Feb. 7, 2011).  This is based on 28 U.S.C. § 1406(a), which states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  *See Keeth*, 2011 U.S. Dist. LEXIS 11398, at *8.  "Though § 1406(a) is not directly applicable to a case improperly removed—as opposed to filed—in a district court, its tenets apply by analogy with equal force."  *Id.*  And this Court "has the power to sua sponte transfer a case" under § 1406(a).  *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Here, not only did Plaintiff file the complaint in the 57th District Court located in Allegan County, but also the claims stem from an accident that took place in Allegan County.  Thus, the Court finds that the interest of justice is served by transferring this case to the district court it should have been removed to under § 1441(a).  Accordingly,

2

IT IS HEREBY ORDERED that the Clerk of Court shall TRANSFER this case to the United States District Court for the Western District of Michigan.

SO ORDERED.

                                             s/Nancy G. Edmunds
                                             Nancy G. Edmunds
                                             United States District Judge

Dated: June 7, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 7, 2021, by electronic and/or ordinary mail.

                                             s/Lisa Bartlett
                                             Case Manager